UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-26-DLB

RUBEN DAVIS                                                                                          PETITIONER

VS.                                           **MEMORANDUM ORDER**

C. ENTZEL, ACTING WARDEN                                                          RESPONDENT

*** *** *** ***

Federal inmate Ruben Davis filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible to earn First Step Act (FSA) time credits. (Doc. # 1). Davis's petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243.

The Court has reviewed Davis's submission but will deny his request for relief. As an initial matter, Davis acknowledges that he pled guilty to multiple federal crimes in the United States District Court for the Southern District of New York, including conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 and possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). (*See* Doc. # 1 at 2). Davis was sentenced to 168 months in prison for his drug conviction and 60 months for his § 924(c) conviction, and the Court ordered those sentences to be served consecutively, for a total of 228 months in prison. (*See id.*; *see also United States v. Ruben*

1

*Davis*, No. 1:12-cr-712-SHS, Doc. # 820, at 1 (S.D.N.Y. Feb. 5, 2025) (discussing the background of Davis's criminal case)).

This Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xxii). According to Davis, given his conviction under § 924(c), the BOP determined that he was ineligible to earn FSA time credits. (*See* Doc. # 1 at 10-11).

While Davis acknowledges his § 924(c) conviction, he argues that he should be able to earn FSA time credits against the portion of his sentence that relates to his §§ 841/846 conviction (which he says is not a disqualifying offense). However, 18 U.S.C. § 3584(c) provides that the BOP shall aggregate multiple prison sentences "for administrative purposes," and many courts, including but not limited to this one, have upheld the BOP's decision to aggregate sentences for FSA time credit purposes. *See, e.g., Ledford v. LeMaster*, No. 0:23-cv-030-DLB, 2023 WL 2905376 (E.D. Ky. 2023). Notably, the United States Court of Appeals for the Sixth Circuit has specifically affirmed such a decision from this Court, saying that it "did not err in concluding that [Petitioner's] aggregated sentence precluded him from receiving earned time credit under the FSA and denying his § 2241 petition." *Keeling v. LeMaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023). Given this legal authority, Davis's present petition is unavailing.

Accordingly, it is **ORDERED** as follows:

(1) Davis's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 10th day of March, 2025.



Signed By:
*David L. Bunning*  *DB*
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Davis 0-25-026  Memorandum.docx